

**SIGNED this 21 day of October, 2009.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 04-41364- JTL |
| DR. E. MURRAY NEWLIN, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| DR. E. MURRAY NEWLIN, | ) | ADVERSARY PROCEEDING |
| | ) | |
| Plaintiff, | ) | CASE NO.: 08-4015 |
| | ) | |
| vs. | ) | |
| | ) | |
| DR. JAMES R. WINCHESTER, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |

| | |
|---|---|
| JOY R. WEBSTER, Trustee, | ) |
| | ) |
| Intervenor Defendant. | ) |
| _____ | ) |
| | ) |
| DR. JAMES R. WINCHESTER, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| DR. E. MURRAY NEWLIN, | ) |
| | ) |
| Counter Defendant. | ) |
| _____ | ) |

**Memorandum Opinion**

This matter comes before the court on Dr. James R. Winchester's (Defendant) "Motion for Reconsideration of Order Resolving Various Pending Motions," which motion requests that (1) the Court reconsider and vacate the striking of Defendant's untimely Answer; (2) the Court reconsider and vacate the remanding of the case to the Superior Court; and (3) the Court reconsider and vacate its overruling of Defendant's Objection to Plaintiff's Jury Demand. After considering the pleadings, evidence, applicable authority and arguments of counsel, the Court finds as follows.

**Findings of Fact**

On or about April 9, 2008, Dr. E. Murray Newlin (Plaintiff) filed his Complaint against Dr. James R. Winchester (Defendant) in the Superior Court of Muscogee County, Georgia. The Complaint alleges that Defendant has breached his duties, fiduciary and otherwise, to Plaintiff under Georgia partnership law. On or about April 14, 2008, the Trustee filed her "Motion to Intervene" in the Superior Court. On or about May 7, 2008, the Defendant filed his "Notice of Removal" in this Court, thereby removing the action

from the purview of the Superior Court to the Bankruptcy Court. On May 13, 2008, the Defendant filed his "Motion to Dismiss Adversary Proceeding" ("Defendant's Motion to Dismiss").

On May 27, 2008, the Trustee filed an Answer and Counterclaim for turnover, alleging that Plaintiff has received post-petition payments from the Partnership in excess of $185,000.00 in addition to his monthly salary for personal services. On or about November 25, 2008, the Trustee executed and delivered a "Bill of Sale" to Defendant through which the Trustee conveyed to Defendant any interest of the bankruptcy estate in the Partnership. It is the Defendant's stated belief that this transaction "automatically substituted him for the Trustee in this adversary proceeding, such that a filing of another response was unnecessary." On December 11, 2008, this Court entered an order denying Defendant's "Motion to Dismiss Adversary Proceeding." The Defendant did not file an answer or other required response within 10 days as required by the Federal Rules of Civil Procedure.

On May 11, 2009, the Court held a hearing on *inter alia* Defendant's April 3, 2009 Renewed Motion to Dismiss. At that hearing, Defendant realleged that he had been substituted for the Trustee in the adversary proceeding. The Court directed Defendant to file a motion to substitute parties, and Defendant did so on May 15, 2009. The Court held a hearing on June 19, 2009, and entered an Order the same day denying the motion to substitute and granting Defendant ten days to amend his response and bring his own counterclaim. The Court also entered a June 19, 2009 Order dismissing the Trustee's counterclaim. The Court, throughout this entire process, was under the erroneous assumption that Defendant had filed an appropriate answer to the Plaintiff's complaint

subsequent to the denial of Defendant's "Motion to Dismiss Adversary Proceeding" on December 11, 2008. The Defendant first filed an answer on June 29, 2009.

On July 9, 2009, the Plaintiff filed a Motion to Strike Answer and Counterclaim and Motion to Dismiss Counterclaim. Defendant filed a timely Response thereto, and the Court held a hearing on August 12, 2009. After said hearing, the Court entered its "Order Resolving Various Motions" on August 13, 2009. Such Order held as follows:

1. Defendant is in default as to liability only due to his failure to file a response to the Complaint within the time allowed by the Federal Rules of Civil Procedure.

2. Defendant's untimely Answer and Counterclaim are stricken.

3. Defendant's Motion to Dismiss pursuant to FRCP 12 is denied.

4. The Court's Order Denying Motion to Substitute Parties is set aside.

5. Defendant's Motion to Substitute Parties is granted.

6. Plaintiff's Motion to Dismiss Trustee's Counterclaim is denied and the Court's Order Granting Motion to Dismiss Counterclaim by Intervening Party is set aside.

7. Defendant has standing to pursue the Trustee's Counterclaim.

8. Defendant's Objection to the Jury Demand filed by Plaintiff is overruled.

On August 24, 2009, Defendant filed his "Motion for Reconsideration of Order Resolving Various Pending Motions" (the "Motion for Reconsideration"), which Motion requests that (1) the Court reconsider and vacate the striking of Defendant's untimely Answer; (2) the Court reconsider and vacate the remanding of the case to the Superior Court; and (3) the Court reconsider and vacate its overruling of Defendant's Objection to Plaintiff's Jury Demand. After a telephonic hearing on September 24, 2009, the Court has

come to the following conclusions of law.

## Conclusions of Law

**A. Defendant has not satisfied the Eleventh Circuit's four pronged test to determine whether good cause exists to set aside a default.**

Setting aside an entry of default is governed by Federal Rule of Civil Procedure 55(c) which is made applicable to adversary proceedings in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7055. In order for a court to set aside an entry of default, "good cause" must be shown. FED. R. BANKR. P. 7055; see EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1990) (holding that "good cause" is the standard for setting aside an entry of default and "excusable neglect" is the standard employed in setting aside a default judgment). The "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard set by Rule 60(b). See id. Whether or not good cause exists for the setting aside of an entry of default under Rule 55(c) is a matter lieing within the sound discretion of the trial judge, such discretion to be exercised with due regard to the peculiar facts and circumstances surrounding each case. See Turner Broadcasting System, Inc. v. Sanyo Electric, Inc. et. al., 33 B.R. 996, 1001 (N.D. Ga. 1983).

In order to determine whether good cause exists to set aside a default, courts in the Eleventh Circuit look to the following four pronged test:

(1) Whether the defaulting party took prompt action to vacate the default;

(2) Whether the defaulting party provides a plausible excuse for the default;

(3) Whether the defaulting party provides a meritorious defense; and

(4) Whether the party not in default will be prejudiced if the default is set aside.

See Cielinski v. Sandlin (In re Sandlin, 2002 Bankr. LEXIS 1155, 6-7 (Bankr. M.D. Ga.

2002)(citing Turner Broadcasting System, Inc., 33 B.R. at 1001).

Under the first factor, Defendant need only act to set aside the default within a reasonable time after the entry of default. Here, the Court entered the order of default on August 13, 2009. Defendant promptly filed a Motion for Reconsideration on August 24, 2009. Therefore, the Court finds that Defendant has acted promptly to cure the default.

The second factor requires the Court to determine whether the defaulting party has provided a plausible excuse for the default. See Cielinski, 2002 Bank. LEXIS 1155 at 6-7. Where the party offers no good reason for the late filing of its answer, entry of default should be granted. See id. Previously this court has found that a defendant met the second prong because he had not received the complaint (Tires & Terms of Columbus, Inc.), or because a defendant was proceeding pro se (Sandlin). Neither of these facts is present in this case.

Here, Defendant claims that he "believed that the sale automatically substituted him for the Trustee in this adversary proceeding, such that the filing of another response was unnecessary." This belief is unreasonable under the circumstances. The court did enter an order granting the substitution of the Defendant for the Chapter 7 Trustee after Defendant followed the appropriate procedural process; however, Defendant was only substituted to the extent of the Trustee as counterclaimant, not respondent. Furthermore, the Trustee is an unrelated party to the personal complaint filed against the Defendant in the Superior Court; therefore, such substitution would in no way impact Defendant's obligation to file a timely response to the Superior Court claim brought against him personally.

Moreover, "alleged ignorance of the law by an attorney is insufficient to justify

setting aside the entry of default." See Turner Broadcasting System, Inc. v. Sanyo Electric, Inc. et. al. (33 B.R. 996, 1001 (N.D. Ga. 1983). Thus, Defendant and his counsel's ignorance of his requirement to file a response to the Complaint in accordance with F.R.B.P. 7012 is not a plausible excuse that satisfies the second prong of the Cielinski test.

Defendant states that, at worst, his answer was a month late. This assertion is without merit. The Defendant is operating under the erroneous conclusion that the Court's June 19, 2009 order set forth a deadline in which to file a first answer/response. However, the June 19, 2009 order denying substitution of parties specifically states that the Defendant is directed to file any "amendment to his response or a motion to permit the filing of a counterclaim, as he deems appropriate, within ten (10) days from the date of this order." (emphasis added). The Court was operating under the erroneous assumption that the Defendant had already filed a timely answer in December of 2008, and the Court was instructing the Defendant to *amend* an answer believed to exist.  Consequently, the Defendant's first answer and counterclaim were filed six months late, not one month late. Allowing the defendant to answer now would render the notion of a deadline pointless. In re Jawish, 260 B.R. 564, 568 (2000)(finding that it is unreasonable to allow six months to pass before filing an answer).

Under the third factor, the court must determine whether the Debtor/Defendant has presented a meritorious defense. "General denials and conclusive statements are insufficient; the [defendant] must present a factual basis for his claim." Tires & Terms of Columbus, Inc., 262 B.R. at 889. Here, Defendant asserts that the "Complaint barely survived Defendant's motion for summary judgment" and quotes the Court's May 11,

2009 Order for the holding that Plaintiff may not recover for claims he held as a partner on the Petition Date and that Plaintiff retains the claims that Plaintiff alleges exist separate and apart from claims belonging to the partnership. The Court agrees with Plaintiff's assertion that The Court's May 11, 2009 Order has no bearing on Defendant's responsibility to provide a meritorious defense to the Superior Court Claims in order to set aside a default. As Defendant has not presented any factual basis for a meritorious defense to the allegations of self-dealing and tortuous conduct, Defendant has failed to satisfy the third prong of the Cielinski test.

Under the fourth factor, the court must determine whether the party not in default in this case, the Plaintiff, will be prejudiced if the entry of default is set aside. The Turner court held that "the expense a plaintiff incurs in prosecuting a suit in which the defendant is in default and presents no meritorious defense unduly prejudices the plaintiff." 33 B.R. 996 at 1003. Therefore, because the Defendant has failed to present a meritorious defense, there is a threat of prejudice to the Plaintiff.

In conclusion, the court does not find "good cause" under Rule 55(c) and therefore will not set aside the entry of default.

**B. The Case Will Be Remanded to the Superior Court.**

28 U.S.C. §1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §157(a) permits a district court to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy judges for the district. Furthermore, 28 U.S.C. §157(b)(1) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred

under subsection (a) of the section, and may enter appropriate orders and judgments…" Thus, if a matter involves a core proceeding, then it will be properly heard before a bankruptcy judge.

The Eleventh Circuit has held that "if the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding. A proceeding is also considered core if the proceeding is one that would arise only in bankruptcy." See The Whiting-Turner Contracting Company v. Electric Machinery Enterprises, Inc. (In re: Electric Machinery Enterprises, Inc, 479 F.3d 791, 797 (11th Cir. 2007); see also Wood v. Wood (In re: Wood), 825 F.2d 90, 97 (5th Cir. 1987)). Furthermore, the Electric Machinery Court held that a "proceeding is not core if the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." Electric Machinery, 479 F.3d at 797.

The Superior Court Claims are based upon various breaches of duty by Defendant all arising under Georgia law. The Superior Court Claims are not created by bankruptcy law, nor are they of such nature that they would only arise in bankruptcy. Thus, the Superior Court Claims are clearly not core proceedings and, because the outcome of the action, including the Trustee's Counterclaim, can have no effect on the bankruptcy estate, it is not sufficiently related to the bankruptcy case to justify retention of the same by the Bankruptcy Court. Because this case no longer affects the bankruptcy estate, the Trustee is no longer a party, and the case was originally filed in the Superior Court of Muscogee County, Georgia, it is the intention of this Court to REMAND this case to the Superior Court of Muscogee County.

**C. The Plaintiff Is Entitled to a Jury Trial.**

Defendant's argument that Plaintiff may not be entitled to a jury trial due to his filing of a voluntary petition under Chapter 11 of the Bankruptcy Code in 2004 is without merit as Defendant fails to note that the instant adversary proceeding was originally filed by Plaintiff in the Superior Court of Muscogee County, State of Georgia (the "Superior Court") and that Defendant actually removed this case to the Bankruptcy Court. Plaintiff's claims are based upon

post-petition conduct. Therefore, Plaintiff's filing of a bankruptcy petition did not waive a right to a jury trial for claims that arose post-petition. Furthermore, Plaintiff has actively moved this Court to remand the instant adversary proceeding to the Superior Court. As such, Plaintiff did not invoke the jurisdiction of this Court for matters concerning this particular Defendant and therefore has not waived his right to a jury trial on any matters. Moreover, Plaintiff has timely demanded a jury trial three times, and the Court finds that the original request sufficed to secure such a right. The Court's Order overruling Defendant's Objection to Plaintiff's Jury Demand is proper and will stand.

An order in accordance with this Memorandum Opinion will be entered.